IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHASON ZACHER, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> COMCAST CORPORATION, a Pennsylvania corporation, <br><br> *Defendant*. | No. <br><br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Chason Zacher ("Plaintiff") brings this class action complaint against Comcast Corporation ("Defendant" or "Comcast") to stop Defendant's practice of placing unauthorized telephone calls to consumers using a prerecorded or artificial voice, and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. In an effort to reach account holders and collect on unpaid bills, Comcast, a cable services provider, violated federal law by making unauthorized telephone calls using a prerecorded or artificial voice ("robocalls") to the cellular telephones of individuals throughout the country.

2. By effectuating these unauthorized robocalls, Defendant has violated the called parties' statutory and privacy rights and has caused the call recipients actual harm, not only because

the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited calls – particularly calls using a prerecorded or non-human artificial voice – but also because the called parties, like Plaintiff, must frequently pay for the calls they receive or incur a usage allocation deduction from their calling plans, notwithstanding that the calls were made in violation of specific legislation on the subject.

3. In order to redress these injuries, Plaintiff, on behalf of himself and two nationwide classes, brings suit under the Telephone Consumer Protection Act, 47 U.S.C § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited telephone calls using a prerecorded or artificial voice.

4. On behalf of the proposed classes, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized telephone calls using a prerecorded or artificial voice and an award of actual and statutory damages to the class members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C § 227.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendant transacts business in this District, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, as Defendant was trying to reach a party in this District, Plaintiff's phone number is registered in this District and Plaintiff's area code is specifically associated with this District.

## PARTIES

7. Plaintiff is a resident of the State of Illinois.

8. Defendant is a major provider of cable and internet services in the Midwest and throughout the nation. Defendant is headquartered in Pennsylvania and conducts business throughout this district and the nation.

## COMMON ALLEGATIONS OF FACT

9. Defendant is a major provider of cable and internet services nationally and provides such cable and internet services to thousands of individuals located in the greater Chicago metropolitan area and beyond.

10. An annual survey conducted by Zogby Analytics and 24/7 Wall St. ranked Comcast at the top of their "Customer Service Hall of Shame" in the 2014, 2015, and 2016, for having the worst customer service of any telecommunications company.

11. As an ordinary business practice, Defendant regularly places prerecorded voice calls in an attempt to reach account holders for the purposes of collecting on past-due customer accounts.

12. However, in an effort to increase collection rates and ultimately profits, Defendant regularly places such robocalls featuring a prerecorded or artificial voice without prior express consent to individuals who are not associated with the account in question, and who are not even current Comcast customers altogether.

13. In addition to being an aggravating invasion of privacy, unsolicited prerecorded

telephone calls can actually cost recipients money because called parties such as Plaintiff, must frequently pay their cellular telephone service providers for the calls they receive or otherwise incur a usage deduction to their cell phone plan, regardless of whether the call is authorized.

14. For instance, in August 2017, in an apparent effort to get into contact with a Comcast account holder, Defendant called Plaintiff's cellular telephone.

15. Plaintiff is employed at a nuclear power plant and was working at this facility when he received the distracting calls from Defendant. Plaintiff had to take time away from his job to check and see who was calling his phone but did not pick up the call as he did not recognize the number.

16. Shortly after receiving the first call from Defendant, Plaintiff again had his privacy invaded and again had to take time away from his job because of Defendant's phone calls. This time, Plaintiff answered his cellular telephone and was greeted with a prerecorded voice message which directed him to hold the line so that he could be transferred to a Comcast representative. Plaintiff held the line and was transferred to a Comcast representative.

17. The Comcast employee Plaintiff was transferred to informed Plaintiff that they were looking for the account holder for a specific address. The Comcast employee did not name Plaintiff, ask Plaintiff for his name, or state that Plaintiff was in any way affiliated with that account holder. Plaintiff then informed the Comcast employee that they did not have the correct phone number for the account holder they were attempting to contact and hung up the phone.

18. Defendant placed such calls to Plaintiff's cellular telephone without his prior express consent in violation of the TCPA. Plaintiff did not have any Comcast accounts and was not indebted to Comcast when he received Defendant's robocalls. In fact, prior to receiving the

4

above described calls, Plaintiff had orally revoked any consent to receive calls from Defendant or its agents during a previous call Plaintiff received from Comcast.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action of behalf of himself and two classes (the "Classes") defined as follows:

**(i)** **Called Party Class:** All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more telephone calls from Defendant on their cellphone featuring a prerecorded or artificial voice and who, at the time of the call, were not a Comcast account holder, did not have outstanding debts with Comcast, and for whom Defendant did not have a record of prior express consent to place such calls.

**(ii)** **Revocation Class:** All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more telephone calls from Defendant on their cellular telephone featuring a prerecorded or artificial voice after communicating to Defendant, as shown in Defendant's records, that Defendant did not have consent to make any such calls to that telephone number.

20. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

21. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants, and promotes consistency and efficiency of adjudication.

22. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

23. The factual and legal bases of Defendant's liability to Plaintiff and the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes. Plaintiff and the other members of the Classes have all suffered from harm and damages as a result of Defendant's unlawful and wrongful conduct.

24. There are hundreds, if not thousands, of members of the Classes such that joinder of all members is impractical.

25. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

(a) Did Defendant systematically place calls using a prerecorded or artificial voice to persons who did not consent to receive such calls from Defendant on their cell phones?

(b) Did the calls made by Defendant using a prerecorded or artificial voice violate the

6

called parties' respective rights to privacy?

(c) Was Defendant's conduct in violation of the TCPA willful such that the members of the Classes are entitled to treble damages?

(d) Should Defendant be enjoined from continuing to engage in such conduct?

(e) Did Defendant systematically continue to place calls using a prerecorded or artificial voice to persons who communicated to Defendant that they did not consent to receive such calls from Defendant?

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, *et seq.*) on behalf of the Classes

26. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

27. Defendant made unsolicited and unauthorized telephone calls using a prerecorded or artificial voice to the cellular telephone numbers of Plaintiff and the other members of the Classes.

28. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

29. As a result of Defendant's illegal conduct, the members of the Classes have had their statutory and privacy rights violated and have suffered actual damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

30. To the extent the Court should determine that Defendant's conduct was willful and knowing, the Court may, pursuant to §227(b)(3)(C), treble the amount of damages recoverable by Plaintiff and the other members of the Revocation Class.

WHEREFORE, Plaintiff, on behalf of himself and the Classes, prays for the following relief:

    A. An order certifying the Classes as defined above;

    B. An award of the greater of actual or statutory damages;

    C. An injunction requiring Defendant to cease all unauthorized calling activities;

    D. An award of reasonable attorneys' fees and costs; and

    E. Such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: October 6, 2017

Respectfully submitted,

CHASON ZACHER, individually
and on behalf of all others similarly situated

By:    s/ David L. Gerbie

Myles McGuire
Eugene Y. Turin
David L. Gerbie
MCGUIRE LAW, P.C.
55 West Wacker Drive, Suite 900
Chicago, Illinois 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
eturin@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Classes*